IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL KEVIN SCHMIDT,

    Petitioner,

v.                                                                                                  CASE NO.  5:04cv95-RH/AK

JAMES V. CROSBY, JR.,

    Respondent.

_____/

**ORDER OVERRULING OBJECTIONS
TO MAGISTRATE JUDGE'S ORDERS**

      In this challenge under 28 U.S.C. §2254 to petitioner's state court conviction and sentence, petitioner has filed objections under Federal Rule of Civil Procedure 72 to pretrial orders entered by the magistrate judge.  Those orders are neither clearly erroneous nor contrary to law and thus will be upheld.

      In substance, petitioner's primary assertion is that ground 12 of his petition—that his attorney was ineffective for failure to assert that his prior convictions did not qualify him for habitual offender treatment under Florida law—is well founded and should have been granted immediately.  Petitioner sought to achieve this result by filing an "emergency" motion for partial summary

judgment. The magistrate judge denied the motion and indicated this petition will be addressed in the ordinary course.

Petitioner of course is correct that habeas petitions—and for that matter (though perhaps to a lesser extent) all other cases—should be resolved as expeditiously as possible. Verbose and argumentative filings of the kind petitioner has submitted impede, rather than contribute to, achievement of that goal. Thus, for example, petitioner's insistence on a preliminary ruling that his petition was timely, when respondent has admitted as much, serves no purpose. The same is true of petitioner's separate motion to admit evidence that is already part of the record.

This petition will be addressed in due course by the magistrate judge in the first instance and then, based on his report and recommendation, by this court. Petitioner may assist that process by filing succinct and focused papers when and as necessary—not by filing verbose and unnecessary papers. In the meantime, without short-circuiting that process, I have preliminarily reviewed petitioner's ground 12 on the merits with sufficient care to note that petitioner's likelihood of success is not high. The state courts have rejected petitioner's assertion that his prior convictions did not qualify for habitual offender treatment under Florida state law. The state courts apparently reached this conclusion on the merits after the issue was fully presented. It thus appears unlikely that petitioner will be able to

establish that any ineffective assistance with respect to this issue caused prejudice—as would be required for petitioner to succeed on his ineffective assistance claim. And petitioner of course is not entitled to review in this court of the state courts' resolution of issues of Florida state law; federal habeas review does not extend to such issues.

For these reasons,

IT IS ORDERED:

Petitioner's objections (document 98) to the magistrate judge's orders of February 9, 2005 (document 87), February 9, 2005 (document 89), and February 18, 2005 (document 91) are overruled. The orders are approved. Petitioner's motion (document 96) for an extension of time to file his objections to the order of February 18, 2005 (document 91) is granted, and the objections as filed (document 98) are deemed timely. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED this 25th day of May, 2005.

                                        s/Robert L. Hinkle
                                        Chief United States District Judge