IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAN SCHMIDT,

    Petitioner,

vs.                                     Case No. 5:04cv95-RS/CAS

JULIE L. JONES,
Secretary, Florida Department
of Corrections,

    Respondent.
_____/

## AMENDED REPORT AND RECOMMENDATION[1]

On December 24, 2014, Petitioner filed a Rule 60(b)(4) motion to vacate, doc. 234, the prior Order of this Court denying Petitioner's Petition of Writ of Habeas Corpus and dismissing the case with prejudice, doc. 186. In the same motion, Petitioner also requests this court to grant Petitioner's "Petition for Writ of Habeas Corpus Enforcing the First DCA's Judgment Vacating his Sentence for Resentencing." Doc. 234. As ordered, doc. 236, Defendant filed a response, doc. 239, and Petitioner filed a reply, doc. 249. Petitioner also filed a "Motion Equitably Amending Relief Sought in his § 2254 Petition as to Ground Eleven." Doc. 246. As ordered, doc. 248, Defendant filed a response, doc. 251, and on February 20, 2015, Petitioner filed a reply, doc. 255. On February 20, 2015, Petitioner filed a conditional motion requesting the appointment of the Federal Public Defender, doc. 254, which has been denied without prejudice. Petitioner also filed a motion requesting bail pending a decision, doc. 250, which has

---

    [1] This Amended Report and Recommendation is filed to address Petitioner's reply, doc. 255, to Respondent's response, doc. 251, to Petitioner's motion to equitably amend his § 2254 Petition, doc. 246.  *See infra* at n.11.

been denied by separate order. Doc. 252.

On January 16, 2015, Petitioner's motion to vacate was referred to the undersigned. Doc. 244. On January 30, 2015, the district judge referred all pending motions and any amendments or reconsideration of matters to the undersigned. Doc. 247. On February 20, 2015, a Report and Recommendation was entered recommending denial of Petitioner's Rule 60(b)(4) motion to vacate. Doc. 253.

## I. Background and Procedural History

Petitioner has filed cases in this Court challenging his conviction and sentence for robbery without a firearm in 1995. *See, e.g.*, Schmidt v. McKeithen, Case No.: 5:10cv331/RH/EMT, 2011 U.S. Dist. LEXIS 9800 (N.D. Fla. Jan. 11, 2011), *adopted and certificate of appealability denied*, 2011 U.S. Dist. LEXIS 9726 (N.D. Fla. Jan. 31, 2011) (denying successive § 2254 habeas corpus petition), *certificate of appealability denied*, Appeal No. 11-10748-A (11th Cir. July 12, 2011), docs. 6, 8, and 21, Case No.: 5:10cv331/RH/EMT[2]; Schmidt v. McDonough, Case No.: 5:04cv95-RS-AK, 2007 U.S. Dist. LEXIS 100437 (N.D. Fla. June 27, 2007), *adopted*, 2007 U.S. Dist. LEXIS 52640 (N.D. Fla. July 20, 2007) (denying first § 2254 habeas corpus petition), *certificate of appealability denied*, Appeal Number: 07-14094-H (11th Cir. Apr. 9, 2008), *reconsideration denied*, (11th Cir. May 13, 2008). Docs. 181, 186, 231, 233.[3]

---

[2] The Eleventh Circuit expressly noted that "Schmidt filed a prior § 2254 petition in 2004, which the district court dismissed with prejudice on the merits. Therefore, as to his attempt to appeal the district court's order in the instant case, Schmidt cannot make the requisite COA showing because the district court correctly dismissed his impermissibly successive § 2254 petition for lack of jurisdiction." Doc. 21 at 3-4, Case No. 5:10cv331/RH/EMT (citation omitted).

[3] In Schmidt v. Tyler, Case No. 3:14cv468/LC/CJK, a civil rights action, Petitioner, on November 18, 2014, filed an affidavit of his prior litigation history in this Court, which includes previously filed habeas corpus petitions. Doc. 16 at 1-10, Case

The detailed facts relating to the procedural history of Petitioner's quest for relief from what he calls an illegal sentence are set forth below. A brief summary of the salient facts relating to Petitioner's conviction and review by the state trial and appellate courts follows.

Following a jury trial in the Circuit Court in and for Bay County, Florida, Case No. 94-788, Petitioner was convicted of robbery without a firearm. On February 22, 1995, he was sentenced as a habitual felony offender ("HFO") to twenty-five (25) years of imprisonment, with pre-sentence jail credit of 308 days. Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"). On June 18, 1996, the First DCA affirmed the conviction, but vacated the sentence and remanded to the trial court with directions:

> On remand, the trial court may again sentence appellant as an habitual felony offender, provided that the record evidence is legally sufficient to support such a sentence. See, e.g., King v. State, 590 So. 2d 1032 (Fla. 1st DCA 1991). However, should it elect to do so, the trial court is directed to make sufficient findings of fact to permit appellate review of its decision.

Schmidt v. State, 676 So. 2d 27, 29 (Fla. 1st DCA 1996). After remand, on September 13, 1996, Petitioner was re-sentenced,[4] doc. 22 at 2-3, and he, by counsel, appealed

---

No. 3:14cv468/LC/CJK. Recently, this Court dismissed a complaint filed by Petitioner seeking relief pursuant to 42 U.S.C. § 1983. Schmidt v. Fla. First Dist. Court of Appeal, Case No. 3:13cv460/MCR/EMT, 2014 U.S. Dist. LEXIS 178967 (N.D. Fla. Dec. 1, 2014), adopted, 2014 U.S. Dist. LEXIS 178970 (N.D. Fla. Dec. 31, 2014). Petitioner requested a declaratory judgment declaring, in part, that "he was never resentenced as order by the First DCA in 1996." 2014 U.S. Dist. LEXIS 178967, at *7. This issue was not resolved in Petitioner's favor and found to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). 2014 U.S. Dist. LEXIS 178967, at *19. On January 16, 2015, the Chief U.S. District Judge denied Petitioner's motion to consolidate this case with the case pending before this Court. Doc. 51, Case No. 3:13cv460/MCR/EMT. This Court denied a similar motion without prejudice. Doc. 238, Case No. 5:04cv95-RS/CAS.

[4] This has been one of the main issues for Petitioner throughout his litigation

that sentence to the First DCA.  Doc.  22-3 at 6-57.  On March 3, 1997, the First DCA affirmed the re-sentence per curiam without written opinion, doc. 22-3 at 58.  <u>Schmidt v. State</u>, 691 So. 2d 1082 (Fla. 1st DCA 1997) (Table).

## II.  Rule 60(b)(4) Motion to Vacate

In his Rule 60(b)(4) motion, Petitioner argues that he was never legally re-sentenced in accordance with the First DCA's remand.  This argument was made in the state trial and appellate courts and in two prior § 2254 petitions.  He now claims that this Court's denial of his first § 2254 petition is void and must be vacated.  Doc. 234.

Petitioner acknowledges in his Rule 60(b)(4) motion that he previously filed a § 2254 petition in this Court challenging the validity of his conviction and sentence in Bay County Circuit Court, Case No. 94-788.  Doc. 234 at 2-5.  The records of this Court confirm that on April 16, 2004, Petitioner filed a habeas petition under § 2254 in this Court, which challenged the same judgment of conviction and sentence that is the subject of his Rule 60(b)(4) motion, namely, the judgment imposed by the Bay County Circuit Court on February 22, 1995, convicting Petitioner of robbery and sentencing him as a HFO to twenty-five (25) years of imprisonment.  Doc. 1.  Petitioner filed twelve claims in his previous § 2254 action including Grounds Eleven and Twelve:

> Ground Eleven: The trial court violated Petitioner's due process rights when it did not conduct the new sentencing hearing ordered by the First District Court of Appeal and that appellate court refused to enforce its own order.
>
> SUPPORTING FACTS:
>
> After the First DCA vacated the Petitioner's sentence for a new sentencing hearing to be conducted, the trial court judge did not conduct a new hearing. Instead, the trial court judge issued an in chambers order finding that petitioner

---

history in state and federal court.  He has claimed and continues to claim that the trial court never properly re-sentenced him in accordance with the First DCA's remand.

> still qualified to be classified as an habitual felony offender by using the findings she had made at the Rule 3.800(a) proceeding, while his direct appeal was pending, in which he was not represented by counsel.  Petitioner's due process rights were violated in the state court proceeding by not providing him the new sentencing hearing he was entitled to which includes: imposition of a sentence, to be represented by counsel as of right, to have the state introduce evidence to try and prove that he qualified to be classified as an habitual felony if it sought to deprive him of the guideline sentence he would be entitled to, and to submit evidence relevant to imposition of sentence.  Petitioner should be provided the new sentencing hearing he is entitled to within 20 days or forever discharged from custody if this condition is not met within that 20 day time frame.
>
> Did you raise his claim in a state court by direct appeal, 3.850 motion, rule 9.141 petition, or otherwise?  <u>Yes, in a motion to enforce mandate filed September 19, 1995, an appeal after remand as issue I, and in the Rule 3.800(a) motion to correct illegal sentence, filed February 7, 2003.</u>
>
> Ground Twelve: Resentencing counsel was ineffective for failing to raise that Petitioner did not qualify to be classified as an habitual felony offender, resulting in the deprivation of due process by being denied the Guideline sentence he is entitled to and his immediate discharge from custody. . . .

Doc. 1 at 25-26 (emphasis in original).  (Petitioner provided supporting facts for Ground Twelve.  Doc.1 at 26-27.)

The magistrate judge made findings regarding Petitioner's proceedings in the state courts and pertaining to the sentencing issues raised by Petitioner:

> A sentencing hearing was held on February 22, 1995.  Doc. 4, Ex. B.[5]  At that time, Petitioner made a motion for substitution of counsel and a 3.600 motion for new trial "and to raise an ineffective assistance of trial counsel claim under 3.600."  *Id.* at 6.  After allowing Petitioner an opportunity personally to argue his motion, the court denied the motion for substitution of counsel.  *Id.* at 16.  The court then denied counsel's motion for new trial.  *Id.* at 27-28.  As to Petitioner's habitual offender status, Mr. Pell stated that he "was at a...slight disadvantage" because he had only received the presentence investigation that morning, and

---

[5] It appears the magistrate judge used Petitioner's 12 volumes of filed exhibits, docs. 3-16, 21-22, but found the method of numbering difficult to use.  He used a different system of reference "beginning with the document number assigned to each volume of exhibits by the Clerk and then, rather than using Roman numerals, assigning exhibit letters."  Doc. 181 at n.1.  The undersigned has included record references in addition to the citations provided by the magistrate judge in brackets from the court docket, CM/ECF.

thus, he had not "delved into" the particulars of Petitioner's convictions, and he and Petitioner were "disagreeing as to the application of the habitual offender statute." *Id.* at 32. The court concluded that after considering the score sheet and all the evidence presented, Petitioner was an habitual felony offender. *Id.* at 35-35. After hearing counsel's final arguments and Petitioner's continued assertions of innocence, the court sentenced Petitioner to twenty-five years imprisonment as an habitual felony offender. *Id.* at 40; *see also* Doc. 4, Ex. C & D.

Petitioner appealed, and while the appeal was pending, [on March 10, 1995,] he filed a *pro se* motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800, specifically challenging his designation as an habitual felony offender. Doc. 4, Ex. E [doc. 4 at 55-59. On or about October 17, 1995, Petitioner filed an amended Rule 3.800 motion. Doc. 22-2 at 11-22.] Petitioner's court-appointed appellate counsel then filed a motion asking the court of appeal to relinquish jurisdiction so that the trial court could consider the 3.800 motion based on his agreement with Petitioner that the prior convictions used as qualifying offenses for habitualization were not in fact "qualifying offenses" under Florida law. Doc. 4, Ex. F [doc. 4 at 60-63]. [On October 12, 1995,] [t]he court of appeal granted the motion and relinquished jurisdiction for a period of forty days. Doc. 4, Ex. G [doc. 4 at 64; doc. 22-2 at 25]. The State opposed Petitioner's motion on the ground that Rule 3.800 was not the proper vehicle for challenging his sentence. Doc. 4, Ex. H [doc. 4 at 65-66].

[On November 20, 1995,] [t]he [trial] court held a hearing on the motion [doc. 4-2 at 1-49; doc. 22 at 4-42, doc. 22-2 at 1-10] and appointed stand-by counsel [Walter Smith, Esquire, of the Public Defender's Office] to assist Petitioner. Doc. 4, Ex. I at 2 [doc. 4-2 at 2; doc. 22 at 5]. After determining that the matter was appropriate for consideration under Rule 3.800, the court heard the parties' arguments on the merits of the motion. *Id.* at 19-46 [doc. 4-2 at 18-48; doc. 22 at 21-42; doc. 22-2 at 1-8]. It then denied the motion. *Id.* at 46-47 [doc. 22-2 at 6-8]; see also Doc. 4, Ex. K [doc. 4-2 at 104].[6]

The case then returned to the appellate court for consideration of Petitioner's allegations of error [after the trial court denied this Rule 3.800 motion]. In that regard, Petitioner raised two challenges to his conviction-the

---

[6] Petitioner, appearing pro se, sought appellate review of the trial court's November 20, 1995, Order, but voluntarily dismissed his appeal on July 5, 1996. First DCA Court Docket, Case No. 1D95-4493 ("final criminal 3.800 notice from Bay County"). On July 31, 1996, the First DCA dismissed the appeal. *Id.*; *see* doc. 15-2 at 16; *see also* doc. 22-3 at 12 n.1 and 30. According to Petitioner's appellate counsel in First DCA Case No. 96-3611, Petitioner voluntarily dismissed his appeal "in reliance on [the First DCA's] opinion in Case No. 95-932" in which the First DCA reversed Petitioner's sentence. Doc. 22-3 at 12 n.1. (On June 18, 1996, the First DCA had reversed Petitioner's sentence. Schmidt, 676 So. 2d 27.)

court erred in denying the motion to suppress and the State committed fundamental error in closing argument regarding the burden of proof-and one challenge to his habitual offender sentence. Doc. 15, Ex. A. [On June 18, 1996,] [i]n *Schmidt v. State*, 676 So. 2d 27 (Fla. Dist. Ct. App. 1996), the court affirmed the conviction but vacated the sentence and remanded with directions, stating:

> Having carefully reviewed the two issues upon which the challenge to his conviction is based, we conclude that they merit neither discussion nor reversal.
>
> * * *
>
> Because the record before us contains neither evidence establishing that appellant qualifies as an habitual felony offender nor findings of fact to support the imposition of such a sentence, we are unable intelligently to assess the merit of appellant's claim. Accordingly, we are constrained to vacate appellant's sentence, and to remand for resentencing. On remand, the trial court may again sentence appellant as an habitual felony offender, provided that the record evidence is legally sufficient to support such a sentence. However, should it elect to do so, the trial court is directed to make sufficient findings of fact to permit appellate review of its decision.

*Schmidt*, 676 So. 2d at 28-9 [Doc. 15-2 at 1-4]. [On July 23, 1996,] [t]he State's petition for rehearing was denied. Doc. 15, Ex. E & G [doc. 15-2 at 13].[7]

In response to the remand, the trial court pointed out that in deciding Petitioner's 3.800 motion, it had already held a hearing on the issue and made the appropriate findings of fact: "Given that a full hearing was held with the full participation of the Defendant, which resulted in correcting what the appellate court found deficient in the original proceeding, the court now enters this Order, with attachments, in compliance with the remand for resentencing." Doc. 22, Ex.

---

[7] In its Petition for Rehearing, the State noted in part that Appellant's (Petitioner's) "motions to consolidate the direct appeal and its record on appeal with the appeal from the rule 3.800 proceeding or the record from that proceeding were denied by this Court on 7 Dec. 1995 and 4 January 1996. Thus, and appropriately so, this record on appeal in this case contains *only* the record which was developed in the trial court." Doc. 15-2 at 6 (emphasis added). In response, Appellant's (Petitioner's) counsel agreed that these documents were not included in the record on appeal for the direct appeal, but also argued that if the court found any merit to the State's argument that it reconsider the previously denied "motion to supplement the record with the transcript, exhibits and order from the November 22, 1995 hearing on relinquishment." Counsel believed "these documents will answer the questions unresolved on the record before the court." Doc. 15-2 at 11. Thus, it appears that the November 25, 1995, Rule 3.800 hearing transcript and related documents were not before the First DCA when the direct appeal was decided.

A [doc. 22 at 2-3]. With that said, the court adjudicated Petitioner an habitual felony offender. *Id.*[8]

Petitioner, through counsel, then moved to enforce the mandate or, alternatively, to expedite appeal, based on the court's failure to conduct a *de novo* sentencing hearing. Doc. 22, Ex. B [doc. 22-2 at 37-38]. The court of appeal denied the motion without opinion. Doc. 22, Ex. C [doc. 22-3 at 1].

Petitioner then appealed the order re-adjudicating him an habitual felony offender [doc. 22-3 at 6-57 (appellate briefs)]. [On March 3, 1997,] [t]he court of appeal affirmed without written opinion. Doc. 22, Ex. H & I [doc. 22-3 at 58]. [*See* Schmidt v. State, 691 So. 2d 1082 (Fla. 1st DCA 1997) (Table)]

Petitioner then filed a second *pro se* motion for Rule 3.800 relief attacking his habitualization and requesting a de novo resentencing hearing. Doc. 66, Ex. A at 1-10. The court denied the motion, Doc. 66, Ex. A, and Petitioner appealed the ruling, which was affirmed without written opinion. Doc. 66, Ex. D & E.

While the appeal was pending on the 3.800 ruling, Petitioner filed a motion for post-conviction relief pursuant to 3.850, with supporting memorandum. Doc. 16. In his motion, he raised twenty grounds for ineffective assistance of counsel and one due process/equal protection claim. Doc. 16, Ex. A. After the State responded, the court set the matter for evidentiary hearing on Grounds 4, 6, 9, and 10 and denied all other grounds for relief. Doc. 5, Ex. H. The court later reset the matter for evidentiary hearing, stating the grounds for hearing as: Petitioner's "allegations that counsel failed to call David Hurd, that counsel failed to impeach the witness, that counsel abandoned the agreed to strategy of mistaken identity and the failure of counsel to call various witnesses to support the defense of mistaken identity." Doc. 7, Ex. E. The court held an evidentiary hearing, Doc. 7, Ex. O, and afterward, it denied the remaining grounds for relief. Doc. 7, Ex. P.

Petitioner appealed this ruling, and while the appeal was pending, he filed yet another Rule 3.800 motion to correct illegal sentence. Doc. 7, Ex. Q. The court denied the motion, finding that Petitioner's presence at the resentencing was not required. Doc. 7, Ex. V. Petitioner appealed that ruling as well, and the appeals were consolidated for briefing. Doc. 8, Ex. D.

---

[8] Immediately prior to making these statements, the trial court stated that "[a]t that hearing, the court found that the defendant had been correctly sentenced, did qualify as an habitual offender using his prior Wisconsin conviction (TR pp. 43-46), and made findings of fact regarding the qualified offenses and their relation to the Florida statutory counterparts." Doc. 22 at 2. The trial court noted that Petitioner filed the Rule 3.800 motion while his direct appeal was pending. Doc. 22 at 2. The trial court attached copies of Petitioner's Rule 3.800(a) motion and the hearing transcript to the Order. *Id.*

Petitioner's appeals were unsuccessful, Doc. 8, Ex. G, and his motion for rehearing was also denied.  Doc. 8, Ex. H-J.

Schmidt v. McDonough, 2007 U.S. DIST LEXIS 100437, at *5-11; doc 181 at 5-7.  The magistrate judge considered and rejected Petitioner's claims, including Grounds Eleven and Twelve.  *Id.* at *34-36; doc. 181 at 22-23.

The U.S. District Judge adopted the magistrate judge's report and recommendation, doc. 181, which was to dismiss to petition with prejudice, and denied the petition with prejudice.  Doc. 186, Order (N.D. Fla. July 20, 2007).  Petitioner appealed the decision to the Eleventh Circuit Court of Appeals.  The appellate court denied Petitioner's motion for certificate of appealability on the ground that Petitioner failed to make a substantial showing of the denial of a constitutional right.  Doc. 231, 233, Orders.

On December 28, 2010, Petitioner filed a second § 2254 petition and raised one ground:

> Ground One: Petitioner's due process and equal protection rights were violated in violation of the 14th Amendment by being classified and sentenced as an habitual felony offender because he is actually innocent of such classification and when he was not provided an adjudication on the merits of his claim to obtain relief through both state and federal courts in the past.

Doc.1, Case No. 5:10cv331/RH/EMT.  The magistrate judge concluded that this § 2254 petition was a second or successive petition and stated:

> Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  See Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 135 L. Ed. 2d 827 (1996); In re Medina, 109 F.3d 1556, 1560 (11th Cir. 1997).  The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner in 2004, Case No. 5:04cv95/RS/AK.  Furthermore, Petitioner's 2004 petition qualified as a first

> petition for the purpose of determining successor status because the court adjudicated Petitioner's claims on the merits. *See* Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999) (denial of first § 2254 petition on the merits qualifies as first petition for purpose of determining successor status under § 2244(b)). Therefore, the instant petition is second or successive. Additionally, Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 301 F.3d 1287, 1288 (11th Cir. 2002). For this reason, this case should be dismissed for lack of jurisdiction.

Schmidt v. McKeithen, 2011 U.S. Dist. LEXIS 9800, at *4-5; doc. 5 at 3, Case No. 5:10cv331/RH/EMT. The magistrate judge recommended that the petition be dismissed for lack of jurisdiction and the certificate of appealability be denied. *Id.* at *7-8; doc. 5 at 4, Case No. 5:10cv331/RH/EMT. On January 31, 2011, the United States District Judge denied the petition with prejudice and denied a certificate of appealability. Schmidt v. McKeithen, 2011 U.S. Dist. LEXIS 9726, at *1-4; doc. 8 at 1-4, Case No. 5:10cv331/RH/EMT.[9] Petitioner appealed and the Eleventh Circuit denied a certificate of appealability. Doc. 21 at 3-4, Case No. 5:10cv331/RH/EMT; *see* n.2 *supra*.

## III. Analysis[10]

---

[9] The U.S. District Judge noted in part that "[t]he same sentence was imposed on remand, and the sentence was upheld on direct appeal and in state and federal collateral proceedings. The petitioner now is improperly attempting to pursue a successive federal collateral proceeding without obtaining the Eleventh Circuit's authorization to do so. As the report and recommendation correctly concludes, the successive proceeding must be dismissed." 2011 U.S. Dist. LEXIS 9726, *at 1; doc. 8 at 2.

[10] The U.S. District Judge entered his Order denying Petitioner's first § 2254 petition on July 20, 2007, doc. 186. Petitioner filed his Rule 60(b)(4) motion to vacate

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).  A state prisoner who wishes to file a second or successive federal habeas corpus petition is required to move the court of appeals for an order authorizing the district court to consider such a petition.  28 U.S.C § 2244(b)(3)(A).  "Without authorization, the district court lacks jurisdiction to consider a second or successive petition."  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003 (per curiam).

In Gonzalez v. Crosby, the Supreme Court held that a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," constitutes a second or successive habeas petition.  545 U.S. 524, 125 S. Ct. 2641, 2648, 162 L. Ed.2d 480 (2005) (emphasis omitted).  The Court also held, however, that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should not be considered a second or successive habeas petition.  Id.  A "claim" is "an asserted federal basis for relief from a state court's judgment of conviction."  125 S. Ct. at 2647.  The Court explained further:

> The term "on the merits" has multiple usages.  We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).  When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in

---

on December 24, 2014, doc. 234, almost seven and one-half years after the decision. Although the one-year cap applicable to motions under Rules 60(b)(1) to (3) does not apply, the general requirement that all Rule 60(b) motions must be made "within a reasonable time" does apply.  Fed. R. Civ. P. 60(c)(1).  Courts are lenient on what constitutes a "reasonable time" for voidness challenges.  Nevertheless, Petitioner offers no explanation why he waited approximately seven and one-half years to file the motion to vacate, doc. 234.  *See, e.g.*, United State v. Brown, No. 00-08780-CIV, 2010 U.S. Dist. LEXIS 22328, at *8-9 (S.D. Fla. Nov. 19, 2009), *adopted*, 2010 U.S Dist. LEXIS 1012 (S.D. Fla. Jan. 7, 2010).

error) he is making a habeas corpus claim.  He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

125 S. Ct. at 2648 n.4 (citations omitted).  "Thus, pursuant to § 2244(b), when a Rule 60(b) motion seeks to raise a claim already adjudicated on the merits or seeks to raise a new ground for habeas relief, the district court lacks jurisdiction to consider the motion without approval from the appropriate court of appeals."  Howell v Crews, Case No. 4:04-cv-299/MCR, 2013 U.S. Dist. LEXIS 25149, at *9 (N.D. Fla. Feb. 23, 2013), *aff'd,* 730 F.3d 1257 (11th Cir. 2013) (unpublished).

Petitioner seeks relief under Rule 60(b)(4).  Rule 60(b)(4) provides: "(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void."  Fed. R. Civ. P. 60(b)(4).  Petitioner contends the judgment in this habeas case is "void for lack of subject matter jurisdiction, as to Ground Eleven, for ignoring the subject matter jurisdiction mandate of 28 U.S.C. § 1738 which statutorily required it to apply Full Faith and Credit due to the [First DCA] judgment which vacated Petitioner's sentence for an entirely new sentencing hearing to be conducted."  Doc. 234 at 1 (citation omitted).

Generally, a judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001) (internal quotation marks and citation omitted).  "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief for the exceptional case in which the court that rendered judgment

lacked even an arguable basis for jurisdiction." United Student Aid Funds, Inc. v. Espinosa, 558 U.S. 260, 271 (2010) (internal quotation omitted). "However, a judgment is not void because of an error of law." Dixon v. Kilgore, 343 F. App'x 530, 532 (11th Cir.2009) (unpublished) (citing Gulf Coast Bldg. & Supply Co. v. Int'l Bd. of Elec. Workers, 460 F.2d 105, 108 (5th Cir.1972)).

A review of Petitioner's motion to vacate reveals that he attacks the district court's resolution of his first habeas petition. Petitioner states that "although [he] previously raised that he was not resentenced as required by Schmidt I [Schmidt v. State, 676 So. 2d 27], he failed to raise that this Court lacked constitutional and subject matter jurisdiction in this Court on appeal in light of that stated above. Nevertheless, this Court was required to inquire into its own jurisdiction and the scope and reach of its authority to enforce Schmidt I, not ignore it, nor overrule it." Doc. 234 at 5 (citations omitted). Petitioner argues that this Court should have enforced the First DCA's mandate when it vacated Petitioner's sentence and remanded the case to the trial court. Petitioner then argues that this Court had no other option "except to enforce Schmidt I by issuing its Writ of Habeas Corpus unconditionally discharging Petitioner from custody immediately unless he was sentenced to provide Full Faith and Credit due that judgment." *Id.* (citation omitted).

Petitioner does not dispute he was in custody pursuant to the Florida judgment at the time he filed his § 2254 petition. Further, his federal petition challenged the constitutionality of his state custody on several grounds including the failure of the trial court to conduct a new sentencing hearing and the appellate court to enforce its order. Schmidt v. McDonough, 2007 U.S. DIST LEXIS 100437, at *33-34; doc 181 at 22-23

("In this claim, Petitioner argues that his due process rights were violated when the trial court failed to conduct a new sentencing hearing following remand in Schmidt and when the appellate court then refused to enforce its own mandate.").

In 2007, this Court considered Petitioner's claim (first § 2254 petition) on the merits and denied his petition for writ of habeas corpus and dismissed his case with prejudice. Schmidt v. McDonough, 2007 U.S. DIST LEXIS 52640, at *1; doc. 186. The Eleventh Circuit denied Petitioner a certificate of appealability, doc. 231 at 1-3, and on reconsideration, doc. 233 at 1-3.

In 2011, this Court considered another of Petitioner's claims (second § 2254 petition) and it was denied with prejudice as a "successive petition not authorized by the Eleventh Circuit." Schmidt v. McKeithen, 2011 U.S. Dist. LEXIS 9726, at *1-4; doc. 8 in this case at 1-4; *see supra* at n.9. Petitioner appealed and the Eleventh Circuit denied a certificate of appealability. Doc. 21 in this case at 3-4; *see supra* at n.2.

Petitioner's jurisdictional argument appears to be nothing more than a thinly veiled attempt to assert or reassert challenges to his conviction on the ground that he was not re-sentenced in accordance with the First DCA's decision in Schmidt, 676 So. 2d 27. This is an impermissible use of Rule 60(b)(4).

This Court finds that because Petitioner's motion attacks the substance of the court's resolution of his habeas claims on the merits, it lacks jurisdiction to entertain the motion without authorization from the Eleventh Circuit. *See* 28 U.S.C. § 2244(b)(3); Gonzalez, 125 S. Ct. at 2649 ("a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive

habeas petition.")[11]

### IV. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district judge deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Amended Report and Recommendation.

---

[11] Petitioner filed a motion to equitably amend his § 2254 petition, doc. 246. Respondent filed a response, doc. 251, and Petitioner filed a reply, doc. 255. Petitioner did not request leave of court to file his reply. *See* N.D. Fla. Loc. R. 7.1(C)(2). Nevertheless, Petitioner's motion (and reply) requesting leave to amend Ground Eleven in his first § 2254 petition, doc. 246, have been considered. Plaintiff requests leave to amend his § 2254 Petition and, in substance, requests this Court to consider in an amended petition the same issue that he presented in his Rule 60(b)(4) motion to vacate. *See, e.g.,* doc. 246 at 1, 4 and doc. 255 at 1. In light of the recommended disposition herein, Petitioner's motion should be denied.

**RECOMMENDATION**

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Petitioner's Rule 60(b)(4) motion to vacate, doc. 234, be **DENIED**.

2. That Petitioner's motion requesting leave to amend his first § 2254 petition, doc. 246, be **DENIED**.

3. That a certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 24th day of February 2015.

> <u>s/ Charles A. Stampelos</u>
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**